IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY )<br>COMMISSION, )<br>City Crescent Building, 3rd Floor )<br>10 South Howard Street )<br>Baltimore, MD 21201 )<br>                                                          )<br>        Plaintiff,                                  )<br>                                                          )<br>v.                                                       )<br>                                                          )<br>BLOCKBUSTER INC.,                    )<br>15891 Gaither Drive                         )<br>Gaithersburg, Maryland 20877     )<br>                                                          )<br>        Defendant.                             )<br>_____) | Case No.<br><br>**COMPLAINT AND JURY<br>TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, retaliation, race and national origin and to provide appropriate relief to Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly situated female and/or Hispanic employees who were adversely affected by such practices. As alleged with greater particularity in Paragraphs 7-24, below, the U.S. Equal Employment Opportunity Commission alleges that since at least December 2004 the Defendant Blockbuster Inc. engaged in sexual, retaliatory and race and national origin motivated harassment and discrimination at its Gaithersburg warehouse facility.

JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and

(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Blockbuster Inc. ("Defendant"), a Delaware corporation, has continuously been doing business in the State of Maryland, as well as other jurisdictions, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lolita and Dolores Gonzales filed charges of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2004, Defendant has engaged in unlawful employment practices at its Gaithersburg, Maryland warehouse facility in violation of Section 703(a)(1) and (a)(2) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and (a)(2).

8. Beginning on or about December 2004, and persisting until on or about July 1, 2005, Defendant, acting through supervisors Thomas A. Johnson, Kofi TuTu, Lincoln Barrett IV, and other management personnel, subjected Charging Party Lolita Gonzales to a continuing course of unwelcome and offensive harassment because of her sex, female, conduct protected under Section 704(a) of Title VII, and race and national origin, Hispanic, in violation of Title VII.

9. The sexual, retaliatory and race/national origin harassment and other discriminatory terms and conditions of employment that Defendant perpetrated against Lolita Gonzales include, but are not limited to, the following: frequent requests for dates and sexual favors; other frequent sexual comments; making threats; yelling at her; insulting her; searching her personal property; excessively monitoring her activities; inappropriately standing in close proximity to her; changing her work duties; making false accusations; making sexual and other unwelcome sex-related inquiries; touching other women in intimate body areas while in her presence; subjecting her to discriminatory work standards, hours of work, and training opportunities; racial comments; and other discriminatory terms and conditions of employment. In addition, during her employment Gonzales became aware of Defendant's sexual, retaliatory and race/national origin harassment of a number of her female and/or Hispanic co-workers, which she also found offensive. The foregoing unlawful harassment created a hostile work environment on the basis of sex, conduct protected under Section 704(a) of Title VII, and race/national origin.

10. The aforementioned unlawful harassment culminated in tangible employment action, viz., Charging Party Lolita Gonzales's denial of work hours, disciplinary action and discharge. Moreover, Defendant had actual and constructive notice of the unlawful harassment and failed to take any reasonable preventive or corrective action.

11. Defendant sent Charging Party Lolita Gonzales home from work, thus causing her to lose work hours, because of her sex, female, in retaliation for her conduct protected under Section 704(a), and race and national origin, Hispanic, in violation of Title VII.

12. On or about July 1, 2005, Defendant discharged Charging Party Lolita Gonzales in retaliation for her conduct protected under Section 704(a), in violation of Title VII.

13. Beginning on or about December 2004, and persisting until on or about July 1, 2005, Defendant, acting through supervisors Thomas A. Johnson, Kofi TuTu, Lincoln Barrett IV, and other management personnel, subjected Charging Party Dolores Gonzales to a continuing course of unwelcome and offensive harassment because of her sex, female, and race and national origin, Hispanic, in violation of Title VII.

14. The sexual and race/national origin harassment and other discriminatory terms and conditions of employment that Defendant perpetrated against Dolores Gonzales included, but are not limited to, the following: making threats; yelling at her, insulting her, searching her personal property; excessively monitoring her activities; making false accusations; making sexual and other unwelcome sex-related inquiries; subjecting her to discriminatory work standards, hours of work, and training opportunities; racial comments; and other discriminatory terms and conditions of employment. In addition,

during her employment Gonzales became aware of Defendant's sexual, retaliatory and race/national origin harassment of a number of her female and/or Hispanic co-workers, such as her daughter, which she also found offensive. The foregoing unlawful harassment created a hostile work environment on the basis of sex and race/national origin.

15. The aforementioned unlawful harassment culminated in tangible employment action, viz., Charging Party Dolores Gonzales's denial of work hours and discharge. Moreover, Defendant had actual and constructive notice of the unlawful harassment and failed to take any reasonable preventive or corrective action.

16. Defendant sent Charging Party Dolores Gonzales home from work, thus causing her to lose work hours, because of her race and national origin, Hispanic, in violation of Title VII.

17. On or about July 1, 2005, Defendant discharged Charging Party Dolores Gonzales in retaliation for her and her daughter Lolita Gonzales's conduct protected under Section 704(a), in violation of Title VII.

18. During the period December 2004 until on or about September 2005, Defendant, acting through supervisors Thomas A. Johnson, Kofi TuTu, Lincoln Barrett IV, and other management personnel, subjected a class of aggrieved female employees at its Gaithersburg, Maryland warehouse facility to a continuing course of unwelcome and offensive harassment because of their sex, female, and conduct protected by Section 704(a), in violation of Title VII. Such harassment included, but is not limited to, unwanted touching; sexual comments and requests; making sexual and other unwelcome sex-related inquiries; leering at their bodies; inappropriately standing in close proximity to them; making threats; insulting them and leveling unwarranted criticisms of their work; and other conduct. The aforementioned harassment created a hostile work environment

on the basis of sex and culminated in tangible employment actions, such as assignment of additional duties, sending employees home causing them to lose work hours, discharge and constructive discharge. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

19. During the period December 2004 until on or about September 2005, Defendant subjected a class of aggrieved female employees to constructive discharge because of their sex, female, and in retaliation for conduct protected by Section 704(a), in violation of Title VII. Defendant deliberately created working conditions that these female employees reasonably viewed as intolerable and that compelled them to resign.

20. During the period December 2004 until on or about September 2005, Defendant, acting through supervisors Thomas A. Johnson, Kofi TuTu, Lincoln Barrett IV, and other management personnel, subjected a class of aggrieved Hispanic employees at its Gaithersburg, Maryland warehouse facility to a continuing course of unwelcome and offensive harassment and other discriminatory terms and conditions of employment because of their race and national origin, Hispanic, in violation of Title VII. Such harassment and other discriminatory terms and conditions of employment included, but are not limited to, making threats and using physical gestures to intimidate them; yelling at them; insulting them and leveling unwarranted criticisms of their work; making searches of their personal property; excessively monitoring their activities; making false accusations about them; subjecting them to discriminatory work standards, hours of work, and training opportunities; racial comments; and other discriminatory terms and conditions of employment. The aforementioned harassment created a hostile work environment on the basis of race and national origin and culminated in tangible

employment actions. Defendant had actual and constructive notice of the unlawful harassment and failed to take reasonable corrective action or action reasonably calculated to prevent the harassment.

21. The effect of the practices complained of in paragraphs 7-20, above, has been to deprive Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly-situated female and/or Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, conduct protected by Section 704(a) of Title VII, and race and national origin.

22. The unlawful employment practices complained of in paragraphs 7-20, above, are part of a continuing course of sex, retaliatory, and race/national origin discrimination perpetrated against female and/or Hispanic employees by Defendant that persisted throughout the period December 2004 until on or about September 2005.

23. The unlawful employment practices complained of in paragraphs 7-20, above, were and are intentional.

24. The unlawful employment practices complained of in paragraphs 7-20, above, were and are done with malice or with reckless indifference to the federally protected rights of Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly-situated female and/or Hispanic employees.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex, retaliatory and race/national origin discrimination, including harassment and discriminatory hours of work, training, disciplinary action, constructive discharge,

discharge, and any other employment practice which discriminates on the basis of sex, conduct protected by Section 704(a) of Title VII, or race or national origin.

    B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female and Hispanic persons, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly-situated female and/or Hispanic employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and front pay in lieu thereof.

    D.    Order Defendant to make whole Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly-situated female and/or Hispanic employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-20, above, in amounts to be determined at trial.

    E.    Order Defendant to make whole Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly-situated female and/or Hispanic employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7-20, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

    F.    Order Defendant to pay Charging Party Lolita Gonzales, Charging Party Dolores Gonzales, and other similarly-situated female and/or Hispanic employees

punitive damages for the malicious and reckless conduct described in paragraphs 7-20, above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                            Respectfully submitted,

                                            EQUAL EMPLOYMENT OPPORTUNITY
                                            COMMISSION

                                            RONALD S. COOPER
                                            General Counsel

                                            JAMES LEE
                                            Deputy General Counsel

                                            GWENDOLYN YOUNG REAMS
                                            Associate General Counsel

                                            */s/ Jacqueline H. McNair by DMY*
                                            JACQUELINE H. MCNAIR
                                            Regional Attorney
                                            EEOC-Philadelphia District Office
                                            (including Baltimore Field Office)
                                            City Crescent Building, 3rd Floor
                                            10 South Howard Street
                                            Baltimore, Maryland 21201
                                            Telephone number: (215) 440-2666
                                            Facsimile number: (215) 440-2600

_____
DEBRA M. LAWRENCE (Bar No. 04312)
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2734
Facsimile number: (410) 962-4270

_____
RONALD L. PHILLIPS
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, Maryland 21201
Telephone number: (410) 209-2737
Facsimile number: (410) 962-4270